

In The United States District Court
For The Eastern District Of Michigan

| United States of America, | |
|---|---|
| Plaintiff, | Case No. 0645 2:19-CR-20203 |
| vs. | |
| Ronnie Lynn Brooks, | Judge Arthur J. Tarnow |
| Defendant. | |

Defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) For Immediate Compassionate Release Because Of The COVID-19 Crisis

Comes Now, Ronnie Lynn Brooks, pro se, respectfully moves this Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for an order reducing his sentence to time served based on the extraordinary and compelling circumstances that have presented through the COVID-19 pandemic and the risk to Mr. Brooks. Mr. Brooks suffers from a primary underlying medical condition, Type 2 Diabetes Mellitus, that exacerbates COVID-19 and continued incarceration poses an extraordinary and compelling health risk to Mr. Brooks.

-1-

The transmisibility of the COVID-19 virus in conjunction with the recent outbreak of the virus at FCI Terre Haute present a substantial risk of exposure.

Respectfully submitted,

/s/ _____

Ronnie Lynn Brooks
Reg No. 57427-039
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## Memorandum In Support

### I. Introduction and Procedural History

Mr. Brooks was arrested in connection with the instant case on October 18, 2018. Thereafter, Mr. Brooks plead guilty to one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §846. On October 30, 2019 Mr. Brooks was sentenced to a period of 40 months of incarceration with four years of supervised release. Mr. Brooks is currently serving his time at FCI Terre Haute, in Terre Haute, Indiana. Mr. Brooks scheduled out date is October 10, 2021. He is eligible for half-way house placement in April, 2021. He has clearly served significantly more than one-half of his stated sentence.

On May 1, 2020, Mr. Brooks requested compassionate release from the Warden of FCI Terre Haute. Mr. Brooks' request was denied. Therefore, Mr. Brooks has exhausted the necessary administrative steps required.

Mr. Brooks suffers from Type 2 Diabetes Mellitus. Per the Center for Disease Control, Mr. Brooks is at a higher risk for severe illness if he contracted COVID-19.

-3-

Currently, Mr. Brooks is prescribed amitriptyline, albuterol inhaler, glipiZIDE, ibuprofen, metFORMIN HCl, omeprazole, Insulin NPH, Insulin Reg. [See Exhibit A, 2020, Medical Records].

## II. Exceptional Circumstances: COVID-19 Pandemic

As of September 29, 2020, the new strain of coronavirus (COVID-19) has infected over 33.4 million people, leading to at least 1 million deaths worldwide. The United States is leading the world and has seen the most cases with over 4.5 million cases in this country and over 153,000 deaths. On March 11, 2020 the World Health Organization officially classified COVID-19 as a pandemic. The COVID-19 pandemic is "clearly out of the ordinary, uncommon, or rare."

The CDC has issued guidance that all individuals take immediate preventative actions to minimize the spread of COVID-19, including avoiding crowded areas and staying home as much as possible. Despite the fact that many states have opened up to some degree, the CDC continues to recommend face masks and social distancing to help slow the spread of the virus.

The conditions in jails do not allow for a vulnerable inmate to take the recommended preventive actions and create an ideal environment for the transmission of

contagious disease. Inmates cycle in and out of jails from all over, and people who work in the facilities leave and return daily, without effective screening. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situation," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings."

Given these circumstances and high risk of infection in jails and prisons, both circuit and district courts have released defendants from pretrial detention, due to COVID-19. See Xochihua-James v. Barr, No. 18-71460 (9th Cir. Mar. 23, 2020) (unpublised) (sua sponte releasing detainee from immigration detention "[I]n light of the rapidly escalating public health crisis"); United States v. Meekins, Case No. 1:18-cr-222 APM, Dkt. No. 75 (D.D.C. Mar. 31, 2020) (post-plea, presentence release order releasing defendant with three pending assault charges due to extraordinary danger COVID-19 poses to folks in detention); United States v. Davis, No. 1:20-CR-9-ELH, Dkt. No. 21 (D. Md. Mar. 30, 2020) (releasing defendant due to the "urgent priority" of decarcerating, to protect both the defendant and the community, and to preserve Sixth Amendment rights in this perilous time); United States v. Bolston, Case No. 1:18-cr-382-MLB, Dkt. No. 20 (N.D. GA. Mar. 30, 2020) (releasing defendant in part because "the danger

-5-

inherent in his continued incarceration at the R.A. Deyton Detention Facility... during the COVID-19 outbreak justif[y] his immediate release from custody"); United States v. Kerwin, Case No. 2:18-cr-3-002, Dkt. No. 748 (W.D. Va. Mar. 27, 2020) (granting release pending sentencing after Fourth Circuit remanded detention decision requiring court to specifically consider extraordinary danger posed by COVID-19 to folks in prison); United States v. Kennedy, No. 5:18-cr-20315, Dkt. No. 77 (E.D. Mich. Mar. 27, 2020) (post-plea presentence release of defendant whose pretrial release was revoked because "the COVID-19 pandemic constitutes an independent compelling reason" for temporary release and "is necessary for Defendant to prepare his pre-sentence defense"); United States v. Mclean, No. 19-cr-380, Dkt. No. (D.D.C. Mar. 28, 2020) ("As counsel for the Defendant candidly concedes, the facts and evidence that the Court previously weighed in concluding that Defendant posed a danger to the community have not changed – with one exception. That one exception – COVID-19 – however, not only rebuts the statutory presumption of dangerousness, see 18 U.S.C. § 3142(e), but tilts the balance in favor of release."); United States v. Jaffee, No. 19-cr-88 (D.D.C. Mar 26, 2020) (releasing defendant with criminal history in gun and drug case, citing "palpable" risk to community safety than the risk posed by Defendant's release to home confinement on... strict conditions."); United States v. Stephens, 2020 WL 1295155, __

-6-

F. Supp. 3d ___ (S.D.N.Y. Mar. 19, 2020)(releasing defendant in light of "the unprecedented and extraordinary dangerous nature of the COVID-19 pandemic").

Given these circumstances, and the recent outbreak of the COVID-19 virus at FCI Terre Haute, Mr. Brooks' concern for his health and safety is real and significant. A sentence reduction is justified and should be granted by this Court. Mr. Brooks request this Court grant a reduction under 18 U.S.C. § 3582(c)(1)(A).

### III. Legal Standards for Seeking Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Ronnie Lynn Brooks, now seeks reduction of his sentence from this Court. Prior to 2018, a district court could only receive a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), known as a "compassionate release" upon a motion from the Warden of the prison where the defendant was being held. The First Step Act of 2018 amended 18 U.S.C.(c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 603(b),

-7-

132 Stat. 5 194, 5239 (codified at 18 U.S.C. §3582(c)(1)(A).

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," as set out in United States Sentencing Guideline §1B1.13. This Court has discretion to reduce the term of imprisonment imposed in this case based on §3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after consideration of the factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction [.]" Pursuant to the requirement of 28 U.S.C. §994(t), as authorized by 28 U.S.C. §944(a)(2)(c), the Sentencing Commission promulgated a policy statement that sets out the criteria for a reduction in sentencing, which, as set forth in U.S.S.G. §1B1.13 includes, in relevant part:

(1)(A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g);

-8-

(3) the reduction is consistent with this policy statement.

Further, the application note, 1B1.13, Application Note 1(A) provided insight into what constitutes "extraordinary and compelling reasons," which include the defendant's medical condition, and further detailed as:

(ii) The defendant is:

(I.) suffering from a serious physical or medical condition,

(II.) suffering from a serious functional or cognitive impairment, or

(III.) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Following the passage of the First Step Act of 2018, a number of other federal district courts have granted sentence reductions under § 3582(c)(1)(A).

-9-

See United States v. Beck, Case No. 1:13-CR-186, 2019 WL 2716505 (M.D. N.C. June 28, 2017); United States v. Johns, Case No. 91-CR-392, 2019 WL 2646663 (D. Ariz. June 27, 2019); United States v. Cantu-Rivera, Case No. 4-89-CR-204, Dkt. 492 (S.D. Tx., June 24, 2019) (69-year-old defendant with health issues was granted a reduction of his life sentence to time served, having served 30 years in prison); United States v. Cantu, Case No. 1:05-CR-458 (S.D. Tex., June 17, 2019); United States v. McGraw, Case No. 2:02-CR-018, 2019 WL 2059488 (S.D. Ind. May 9, 2019) (72-year-old and wheelchair-bound defendant with other health issues was granted a reduction in his life sentence after serving sixteen years); United States v. Bazemore, Case No. 3:12-CR-319, Dkt. 203 (N.D. Tx., March 16, 2019); United States v. Evans, Case No. 4:15-CR-015, Dkt. 428 (S.D. Tx., March 8, 2019).

Mr. Brooks concedes that prior to COVID-19, he did not present the extraordinary and compelling circumstances set forth in the cases in the preceding paragraph. He was serving only a moderately lengthy sentence, was not unusually elderly, and did not demonstrate a medical condition that warranted a reduction. COVID-19, however, is a game-changer to the application of compassionate release statutes. Many courts have found the necessity of releasing

-10-

individuals who suffer from Type 2 Diabetes Mellitus during this pandemic. [See United States v. Hunt, 2:18-cr-20037-DPH-DRG, 2020 WL 2395222 (E.D. Mich. May 12, 2020); United States v. Ramirez, 1:17-cr-10328-WGY, 2020 WL 2402858 (D. Mass. May 12, 2020); United States v. Al-Jumail, 2:12-cr-20272-DPH-LJM-3, 2020 WL 2395224 (E.D. Mich. May 12, 2020); United States v. Simpson, 3:11-cr-00832-SI-3, 2020 WL 2323055 (N.D. Cal. May 11, 2020); United States v. Reddy, 2:13-cr-20358-MFL-LJM-1, 2020 WL 2320093 (E.D. Mich. May 11, 2020); United States v. Connell, 18-cr-00281-RS-1, 2020 WL 2315858 (N.D. Cal. May 8, 2020); United States v. Amarrah, 5:17-cr-20464-JEL-EAS-1, 2020 WL 2220008 (E.D. Mich. May 7, 2020); United States v. Quintero, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020); United States v. Howard, 4:15-cr-0018-BR-2, 2020 WL 2200855 (E.D. N.C. May 6, 2020); United States v. Paloon, 2:17-cr-00165-AB-1, 2020 WL 2112265 (E.D. Penn. May 4, 2020); United States v. Lacy, 3:15-cr-30038-SEM-TSH-1, 2020 WL 2093363 (C.D. Ill. May 1, 2020); United States v. Ardila, 3:03-cr-00264-SRU-1, 2020 WL 2097736 (D. Conn. May 1, 2020).]

## IV. 3553(a) Factors and Release Plan

Mr. Brooks' underlying case is not a crime of violence. Mr. Brooks has completed numerous classes in order to better himself. Mr. Brooks is currently a participate in the Residential Drug Abuse Program (RDAP). He took full advantage of his time while incarcerated and prepared himself for his future. He is now in a much better position to gain meaningful employment. Mr. Brooks has learned the tools needed to live a more prosocial lifestyle to be a productive and responsible member of his community.

Mr. Brooks, he has been significantly deterred. Mr. Brooks is a 39 year old man who has served over 50% of his sentence and he is less than a year from his half-way house placement. In addition, he will be placed on Supervised Release - which, in itself, is a significant deterrent. Supervised release will also protect the community as he will be on consistent supervision. There is no clear and convincing evidence that Mr. Brooks poses a risk of "serious, imminent injury" to or against an identifiable person(s). The conditions which he is now serving his sentence - programming being reduced, a significantly increased risk to his health and welfare due to COVID-19 is more than just punishment.

Mr. Brooks' plan for release is to go live with his dad and step-mother at 43139 Willis, Belleville, MI 45111. He will work with his father at the family Auto Body Shop. Mr Brooks will seek medical insurance through the private sector so he will be able to get medical treatment for his medical condition. Mr. Brooks' family is a good support system for him.

V. Conclusion

For the foregoing reasons, Mr. Brooks respectfully requests that the Court grant a reduction in his sentence to time served and/or to be placed on home confinement for the remainder of his sentence.

Respectfully submitted,
/s/ _____
Ronnie Lynn Brooks
Reg. No. 57427-039
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

-13-

"Exhibit A"

# Bureau of Prisons
## Health Services
### Health Problems

Reg #: 57427-039  Inmate Name: BROOKS, RONNIE LYNN

## Current

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| **Type 2 diabetes mellitus** <br> 11/01/2019 07:06 EST  Scherle, Gregory A. MD/CD | | ICD-10 | E119 | 11/01/2019 | Current | |
| **Opioid Use Disorder: Severe** <br> 01/27/2020 14:28 EST  Westerhouse, Kelley PhD/DAP-C | I | DSM-IV | F11. | 01/27/2020 | Current | |
| **Stimulant Related Disorders: Severe: Cocaine** <br> 01/27/2020 14:28 EST  Westerhouse, Kelley PhD/DAP-C | I | DSM-IV | F14. | 01/27/2020 | Current | |
| **Major depressive disorder, recurrent** <br> 08/20/2019 10:10 EST  Scherle, Gregory A. MD/CD | | ICD-10 | F339 | 08/20/2019 | Current | |
| **Anxiety disorder** <br> 08/20/2019 09:53 EST  Weaver, Sarah NP <br> self reported by inmate | | ICD-10 | F419 | 08/20/2019 | Current | |
| **Myopia** <br> 02/28/2020 11:51 EST  Auxier, Donald OD | | ICD-10 | H5210 | 02/28/2020 | Current | |
| **Asthma** <br> 01/06/2020 13:50 EST  Trueblood, Elizabeth MD | | ICD-10 | J45909 | 01/06/2020 | Current | |
| **Gastro-esophageal reflux disease without esophagitis** <br> 08/20/2019 10:10 EST  Scherle, Gregory A. MD/CD | | ICD-10 | K219 | 08/20/2019 | Current | |
| **Low back pain** <br> 08/20/2019 09:53 EST  Weaver, Sarah NP <br> with radiculopathy to left leg | | ICD-10 | M545 | 08/20/2019 | Current | |
| **Pain in unspecified foot** <br> 12/19/2019 09:24 EST  Williams, Allison DNP,FNP-BC <br> bil feet | | ICD-10 | M79673 | 12/19/2019 | Current | |

Total: 10

Exhibit A

# Bureau of Prisons
## Health Services
## Medication Summary
### Current as of 06/10/2020 08:35

| | | |
|---|---|---|
| **Complex:** THX--TERRE HAUTE FCC | **Begin Date:** N/A | **End Date:** N/A |
| **Inmate:** BROOKS, RONNIE LYNN | **Reg #:** 57427-039 | **Quarter:** L02-029L |

**Medications listed reflect prescribed medications from the begin date to end date on this report.**
**Allergies:**

| Allergy | Reaction | Date Noted |
|---|---|---|
| Penicillins | Anaphylaxis | 08/07/2019 |

## Active Prescriptions

Albuterol Inhaler HFA (8.5 GM) 90 MCG/ACT
Inhale 2 puffs by mouth four times daily AS NEEDED
  **Rx#:** 499728-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 01/07/20    **Exp:** 01/06/21         **Pharmacy Dispensings:** 51 GM in 155 days

Amitriptyline 150 MG Tab
Take one tablet (150 MG) by mouth each evening ***crush/empty*** *Float in Water* ***pill line***
  **Rx#:** 504345-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 03/05/20    **Exp:** 09/01/20         **Pharmacy Dispensings:** 120 TAB in 97 days

glipiZIDE 10 MG TAB
Take two tablets (20 MG) by mouth twice daily
  **Rx#:** 504346-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 03/05/20    **Exp:** 03/05/21         **Pharmacy Dispensings:** 480 TAB in 97 days

Ibuprofen 800 MG Tab
Take one tablet (800 MG) by mouth twice daily AS NEEDED "Chronic Care Verified"
  **Rx#:** 499727-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 01/07/20    **Exp:** 07/05/20         **Pharmacy Dispensings:** 300 TAB in 155 days

metFORMIN HCl 1000 MG Tab
Take one tablet (1000 MG) by mouth twice daily with food for control of diabetes
  **Rx#:** 499860-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 01/08/20    **Exp:** 01/07/21         **Pharmacy Dispensings:** 300 TAB in 154 days

Omeprazole 20 MG Cap
Take two capsules (40 MG) by mouth each day 30 to 60 minutes before the same meal EVERY day
  **Rx#:** 499861-THX    **Doctor:** Trueblood, Elizabeth MD
  **Start:** 01/08/20    **Exp:** 07/06/20         **Pharmacy Dispensings:** 240 CAP in 154 days

Insulin NPH (10 ML) 100 UNITS/ML INJ
Inject 10 units of NPH insulin subcutaneously two times a day ***pill line***
  **Rx#:** 506011-THX    **Doctor:** Volstorf, P. FNP-BC

"Exhibit A"

| | | |
|---|---|---|
| **Complex:** THX--TERRE HAUTE FCC | **Begin Date:** N/A | **End Date:** N/A |
| **Inmate:** BROOKS, RONNIE LYNN | **Reg #:** 57427-039 | **Quarter:** L02-029L |

## Active Prescriptions

**Start:** 03/26/20  **Exp:** 09/22/20  **Pharmacy Dispensings:** 0 ML in 76 days

Insulin Reg (10 ML) 100 UNITS/ML Inj

inject units of regular insulin subcutaneously three times a day per sliding scale: 200-250=2 units, 251-300=4units, 301-350=6 units, 351-400=8 units, > 400= 10 units and Notify MD ***pill line***

**Rx#:** 499729-THX  **Doctor:** Trueblood, Elizabeth MD

**Start:** 01/07/20  **Exp:** 01/06/21  **Pharmacy Dispensings:** 0 ML in 155 days

Ronnie Brooks
57427-039
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN, 47808



11/27/20

Judge TARnow
Theodore Levin U.S Courthouse
231 W. Lafayette Blvd., Room 107
Detroit, MI, 48226



RECEIVED
JAN 06 2021
CLERK'S OFFICE
U.S. DISTRICT COURT